IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JACKSON NATIONAL LIFE
INSURANCE COMPANY,

               Plaintiff,

v.                                               Civil Action No.: _____

BUSINESS FINANCE GROUP, INC.

and

DAVID F. MORGAN REVOCABLE
TRUST AGREEMENT,
c/o Jennifer Morgan, Trustee

and

JENNIFER T. MORGAN, Individually

               Defendants.

## COMPLAINT FOR INTERPLEADER

Plaintiff, Jackson National Life Insurance Company ("Jackson"), by counsel, pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure, files this Complaint for Interpleader against Defendants Business Finance Group, Inc. ("BFG"), David F. Morgan Revocable Trust Agreement ("the Trust"), and Jennifer T. Morgan ("Mrs. Morgan"), and in support thereof, states as follows:

### Nature of the Complaint

1.     This Complaint concerns the entitlement to the proceeds of a life insurance policy issued by Jackson with a face amount of $1,060,000, payable as a result of the death of David F.

Morgan ("Mr. Morgan"). Other than the obligation to pay out the proceeds of the life insurance policy (and its costs and fees incurred herewith), Jackson has no interest in the funds it seeks to interplead and, therefore, brings this Complaint to request that the Court accept deposit of the disputed funds so that it may avoid costly and potentially duplicative litigation over the funds.

### The Parties

2.    Jackson is an insurance company duly organized and existing under the laws of the State of Michigan, with its principal place of business in Lansing, Michigan. Jackson is authorized to conduct business in the Commonwealth of Virginia. For purposes of 28 U.S.C. § 1332, Jackson is deemed to be a citizen of the state of Michigan.

3.    Upon information and belief, Mrs. Morgan is a citizen of the Commonwealth of Virginia residing in Virginia Beach, Virginia and is the former spouse of Mr. Morgan.

4.    Upon information and belief, Mrs. Morgan serves as Trustee of the Trust, which was formed under the laws of Virginia by agreement dated October 11, 2001.

5.    BFG is a certified development company participating in the United States Small Business Administration ("SBA") 504 Loan program. BFG was organized under the laws of the Commonwealth of Virginia and maintains its principal place of business in Fairfax, Virginia. For purposes of 28 U.S.C. § 1332, Jackson is deemed to be a citizen of the state of Michigan.

### Jurisdiction and Venue

6.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C § 1332 because there is complete diversity between all parties and because the amount in controversy exceeds $75,000.

8.    This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335, because (1) the amount in controversy, which Jackson has in its possession, is money of

value worth five hundred dollars ($500.00) or more; (2) two or more adverse claimants of diverse citizenship, as defined in 28 U.S.C. § 1332, are claiming or may claim to be entitled to such money; and (3) Jackson will deposit the amount in controversy into the registry of this Court, there to abide the judgment of this Court, immediately upon the entry of an Order authorizing such payment.

9.      This Complaint is also proper pursuant to, and in accordance with, Rule 22 of the Federal Rules of Civil Procedure.

10.      Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. §§ 127, 1391 and 1397 because a substantial part of the events or omissions giving rise to the Complaint occurred in this jurisdiction and one or more of the claimants reside in this jurisdiction.

## Statement of the Claim

11.      On or about April 4, 1997, Mr. Morgan signed and submitted to Valley Forge Insurance Company ("Valley Forge") an application for life insurance policy, a true and accurate copy of which is attached hereto as **Exhibit A**.[1]

12.      In his application for life insurance, Mr. Morgan designated Mrs. Morgan as the primary beneficiary of benefits payable under the policy, and his estate as the secondary beneficiary of any such benefits. *See* Ex. A.

13.      In response to the application, Valley Forge issued to Mr. Morgan Policy No. VIFB019895 (the "Policy"), effective May 26, 1997, providing death benefit proceeds of $1,060,000, plus applicable interest (the "Proceeds"). A true and accurate copy of the Policy is attached hereto as **Exhibit B**.

14.      On March 25, 1998, Mr. Morgan submitted to Valley Forge a collateral assignment of the Policy to First Union National Bank. Both Mr. and Mrs. Morgan signed the assignment

---

[1]      Pursuant to Fed. R. Civ. P. 5.2 and Local Civil Rule 7(C), any personal data identifiers contained within the exhibits attached hereto have been redacted. The documents are otherwise produced in their entirety.

agreement ("First Union Assignment"), an accurate copy of which is attached hereto as **Exhibit C.**

15.     On July 27, 1998, Mr. Morgan submitted to Valley Forge a collateral assignment of the Policy to the "James River Development Corp. and/or the U.S. Small Business Administration" ("James River Assignment").   A true and accurate copy of the assignment is attached hereto as **Exhibit D.**

16.     On June 3, 2002, Mr. Morgan submitted a change of beneficiary form dated that same day ("Beneficiary Agreement") to Valley Forge, a true and accurate copy of which is attached hereto as **Exhibit E.**  In response, Valley Forge changed the beneficiary from Mrs. Morgan to the David F. Morgan Revocable Trust Agreement.   No contingent beneficiary was named by Mr. Morgan on the change of beneficiary form.

17.     Upon information and belief, Mr. Morgan made no further changes to this beneficiary designation at any time prior to his death.

18.     Subsequently, Jackson succeeded to the interest of Valley Forge under the Policy.

19.     According to a Certificate of Death received by Jackson, Mr. Morgan expired on August 20, 2016.  The death of Mr. Morgan entitled the right and proper beneficiary under the Policy to the Proceeds.

20.     On September 21, 2016, Mrs. Morgan filed a claim for proceeds under the Policy, a true and accurate copy of which is attached hereto as **Exhibit F.**

21.     After the death of Mr. Morgan, Jackson received certain communications from Mrs. Morgan in which she raised issues regarding her status under the Policy, including a denial of the existence of the Trust.  Mrs. Morgan has also challenged the legitimacy and/or legal effect of the change in beneficiary to the Trust pursuant to the Beneficiary Agreement.

22.     On November 15, 2016, having succeeded to the interest of First Union National Bank under the First Union Assignment, Wells Fargo Bank released all right, title and interest to the Policy. A true and accurate copy of the release by Well Fargo is attached hereto as **Exhibit G**.

23.     Upon information and belief, BFG acquired the assets and loan portfolio of the James River Development Company ("JRDC") in November of 2008. Upon information and belief, BFG is the sucessor-in-interest to JRDC.

24.     Upon information and belief, JRDC was dissolved on March 17, 2009 and terminated effective April 30, 2009.

### Count 1 – Interpleader

25.     Jackson incorporates by reference all of the allegations contained in paragraphs 1 through 27 of its Complaint.

26.     There are two or more adverse claimants that claim, or may claim, to be entitled to the Proceeds pursuant to the Policy, as well as the collateral assignments thereof.

27.     Jackson reasonably and legitimately may be exposed to double or multiple liability and/or costly and duplicative litigation due to the existence of competing claims by the defendants because the claims are dependent upon or derived from a common source: the Policy.

28.     Jackson has not refused to pay the Proceeds under the Policy but, instead, admits that the Proceeds are payable and maintains a reasonable, good faith fear of exposure to multiple liability or multiple litigation over the Proceeds.

29.     Jackson is a disinterested stakeholder, takes no position with regard to the viability of any potential claimant's right to the Proceeds, and has no interest in the Proceeds aside from the reimbursement of its attorneys' fees and costs incurred thus far, and that it may incur in the future.

30.     Jackson, upon permission from the Court, will tender the Proceeds into the Registry of the Court, along with any applicable interest, there to abide disposition by judgment of the Court.

31.     Based on the foregoing, there is an actual, justiciable controversy between the defendants as to their respective rights to the Proceeds under the Policy.

32.     Jackson has no personal knowledge as to the justice or right of the respective claims of these defendants, except as set forth in this Complaint, and it requires the intervention of this Court in order to resolve this matter.

33.     Jackson prays that the defendants be directed to interplead and file in this proceeding whatever claims they have or may wish to assert to the Proceeds under the Policy.

**WHEREFORE**, Jackson respectfully prays that this Court:

a.      Order the defendants to file with this Court statements in writing as to the nature of their respective claims and that they be permitted to introduce such proper evidence as each of them may desire in support of their positions;

b.      Enter an Order restraining all claimants, including defendants, from instituting or prosecuting any proceeding in any court in the United States of America affecting the Proceeds;

c.      Grant Jackson, from the Proceeds, a reasonable sum to cover its attorneys' fees, costs and expenses incurred in commencing and prosecuting this Complaint;

d.      Authorize, permit and direct Jackson to deposit with the Registry of this Court, the Proceeds under Policy No. VIFB019895, which are now due and payable upon the death of Mr. Morgan;

e.      Dismiss Jackson from this action with prejudice and discharge it from any and all liability in connection with, arising out of, or relating to this action, the Proceeds and/or the Policy; and,

f.      Order any and all such other and further relief that the Court deems fair and equitable and to which Jackson may be entitled.


Dated: December 27, 2016                    Respectfully submitted,


                                            **JACKSON NATIONAL LIFE INSURANCE COMPANY**,

                                            By Counsel.

                                            _____
                                            D. Patrick Callahan (VSB No. 87366)
                                            ECKERT SEAMANS CHERIN & MELLOTT, LLC
                                            SunTrust Center
                                            919 East Main Street, Suite 1300
                                            Richmond, Virginia 23219
                                            Telephone: 804.788.7752
                                            Facsimile: 804.698.2950
                                            pcallahan@eckertseamans.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David C. Canfield, Esq.
Bean, Kinney & Korman PC
2300 Wilson Blvd, 7th Floor
Arlington, VA 22201
dcanfield@beankinney.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Jennifer Trent Morgan
224 85th Street
Virginia Beach, VA 23451


D. Patrick Callahan
Virgina Bar No. 87366
Attorney for Jackson National Life Insurance Company
Eckert Seamans Cherin & Mellot, LLC
919 E. Main St., Suite 1300
Richmond, VA 23219
Phone: 804-788-7752
Fax: 804-698-2950
pcallahan@eckertseamans.com